UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x

 DASHAWN ANDREWS,

                    Plaintiff,              **MEMORANDUM & ORDER**
                                            25-CV-956(EK)(SDE)
              -against-

 JENNIFER DARIN, DAMIEN MATTHEW BROWN,
 AND BIANCA CARTER,

                    Defendants.

------------------------------------x
ERIC KOMITEE, United States District Judge:

        Plaintiff Dashawn Andrews filed this action in January 2025, challenging his detention in a then-pending state court proceeding.  He has since been convicted and sentenced. Proceeding *pro se*, he sought release from pre-trial detention and damages pursuant to 42 U.S.C. § 1983.  Compl. ECF No. 1.  He asserted that his detention violated several of his rights under the United States Constitution.  Defendants are the district attorney, defense lawyer, and pretrial services officer in that case.

        Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a), ECF No. 2, is granted solely for the purpose of this Order.  As set forth below, however, plaintiff's complaint must be dismissed, as to the extent it is not moot, it does not plausibly state a claim for relief.

## I.   Background

The following facts are taken from the complaint, as well as the New York State Department of Corrections and Community Supervision's website.  *See Vill. Green At Sayville, LLC v. Town of Islip*, 43 F.4th 287, 299 n.7 (2d Cir. 2004).  Plaintiff was detained beginning on March 20, 2022 for attempted murder.  Compl. 3.  Plaintiff alleges this is a "crime that [he] didn't commit[]" and that "the victim said [he] didn't do anything."  *Id.* at 4.  He alleges his detention violates, among other rights, his Fourteenth Amendment right to due process, his Fourth Amendment right against unreasonable searches and seizures, and his Eight Amendment right against cruel and unusual punishment.  Since then, plaintiff was convicted of attempt murder, assault, and criminal possession of a weapon in the second degree, and is now serving a twenty-year sentence.  Incarcerated Lookup, N.Y. Dep't Corr. & Cmty. Supervision.[1]

## II.   Standard of Review

A district court must dismiss an *in forma pauperis* action that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  Similarly, the Prison Litigation Reform

---

[1] Accessible by searching for Department ID number 25B2662, https://nysdoccslookup.doccs.ny.gov (last accessed Feb. 4, 2026) [https://perma.cc/987W-Z73T].

Act ("PLRA") requires courts to screen civil complaints brought by incarcerated persons against government entities, officers, or employees. *See id.* § 1915A.  The PLRA requires courts to dismiss for the same reasons.  *Id.*  § 1915A(b).

A complaint must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[2]  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

*Pro se* complaints are "held to less stringent standards" than pleadings drafted by attorneys, and the Court will read a *pro se* complaint liberally and interpret it to raise the strongest arguments it suggests.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008).  Still, a *pro se* plaintiff is not exempt from "compliance with relevant rules of procedural and substantive law."  *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983).

---

[2] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

3

### III. Discussion

Plaintiff seeks release from pre-trial detention and damages of fifty-five million dollars for, among other things, the emotional distress associated with being "wrongful[ly] arrested" and "illegally detained."  Compl. 4-5.

His claim for release is moot, as he is no longer in pre-trial detention.  *Thorne v. Warden*, 479 F.2d 297, 299 (2d Cir. 1973) ("Since [plaintiff] is now held as a convicted defendant rather than merely on a criminal charge not yet brought to trial, the issue as to the legality of his continued *pretrial* detention has been mooted . . . .").  However, plaintiff's claim for damages is not moot, as he maintains a "legally cognizable interest in the result [of] this case." *Murphy v. Hunt*, 455 U.S. 478, 481-82 (1982).

Plaintiff's claims for damages are foreclosed by *Preiser v. Rodriguez*, 411 U.S. 475 (1973), *Heck v. Humphrey*, 512 U.S. 477 (1994), and their progeny.  "[A] state prisoner's § 1983 action is barred . . . no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) — if success in that action would necessarily demonstrate the invalidity of confinement or its duration."  *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).  As

4

it pertains to his damages claim, "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." *Heck*, 512 U.S. at 489-90. Here, "relief would imply the invalidity of Plaintiff's conviction." *Corley v. Vance*, 365 F. Supp. 3d 407, 440 (S.D.N.Y. 2019) (applying *Heck* to false arrest and imprisonment claims), *aff'd sub nom. Corley v. Wittner*, 811 F. App'x 62 (2d Cir. 2020). That is because "[a] prosecution and conviction, if not overturned, is conclusive evidence that an arrest was supported by the requisite probable cause." *Duamutef v. Morris*, 956 F. Supp. 1112, 1117 (S.D.N.Y. 1997). Thus, plaintiff's claim is barred, and because he has not demonstrated that the conviction or sentence has already been invalidated, the complaint must be dismissed.

## IV.  Conclusion

For the foregoing reasons, the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) without prejudice. *Amaker v. Weiner*, 179 F.3d 48, 52 (2d Cir. 1999) ("Disposition of the case on *Heck* grounds . . . warrants only dismissal without prejudice, because the suit may be reinstituted . . . ."). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3), that any appeal would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the

purpose of any appeal. *Coppedge v. United States*, 369 U.S.438, 444-45 (1962). The Clerk of Court is respectfully directed to correct the caption of this case to conform with this Order, mail a copy of this Order to plaintiff,[3] note the mailing on the docket, enter judgment, and close this case.

        SO ORDERED.

_____
ERIC KOMITEE
United States District Judge

Dated:      February 4, 2026
            Brooklyn, New York

---

[3] Plaintiff is required to advise the Clerk of Court of any change of address. However, as a courtesy, the Clerk of Court is respectfully requested to mail a copy of this Order to plaintiff where he is currently incarcerated: Dashawn Andrews, 25B2662, Five Points Correctional Facility, 6600 State Route 96, Caller Box 119, Romulus, NY 14541.